UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES *ex rel.*<br><br>ZOJO SOLUTIONS, INC., relator<br>1621 N. Vine, Chicago, IL 60614<br>Plaintiff,<br><br>v.<br><br>LEVITON MANUFACTURING CO., INC.<br>201 N. Service Road, Melville, NY 11747<br>Defendant. | Case No. _____ |

COMPLAINT FOR FALSE PATENT MARKING

Plaintiff ZOJO SOLUTIONS, INC. (hereinafter referred to as "ZOJO"), for its Complaint for False Patent Marking against Defendant LEVITON MANUFACTURING CO., INC., (hereinafter referred to as "DEFENDANT"), alleges as follows:

**NATURE OF THE CASE**

1. This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2. As set forth in detail below, DEFENDANT has violated 35 U.S.C. §292(a), by marking products with language indicating that the products are the subject matter of patents even after and despite the expiration of the marked patents.

3. ZOJO seeks an award of monetary damages against DEFENDANT, one-half of which shall be paid to the United States pursuant to 35 U.S.C. §292(b).

## THE PARTIES

4. ZOJO is an Illinois corporation with its principal place of business at 1621 Vine Street, Chicago, Illinois.

5. DEFENDANT is, upon information and belief, a corporation organized and existing under the laws of Delaware, having its principal place of business at 201 N. Service Road, Melville, NY 11747.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

7. Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a), because DEFENDANT's products, the subject matter of this Complaint, are offered for sale and sold in various retail stores in this District.

8. ZOJO brings this action under 35 U.S.C. §292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## INTRODUCTION

9. DEFENDANT is a global leader in electrical and electronic wiring devices, lighting energy management solutions and commercial data infrastructure products.

10. DEFENDANT takes pride in having its product designs and technology stand as the yardstick for other companies' leading technologies and in having leadership in pioneering new technologies that set the benchmark in their industry.

11. DEFENDANT has one of the strongest and most influential patent portfolios for industrial components and fixtures.

12. To DEFENDANT, patents represent strongly valued strategic assets that distinguish their products in the industry.

13. DEFENDANT works diligently to protect its patents, which are a primary business objective.

14. In violation of 35 U.S.C. § 292, DEFENDANT has in the past and currently marks (or causes to be marked) packaging for products with the words "patented" when no patent protects the marked product.

## DEFENDANT'S PATENT

15. United States Design Patent No. 3,958,118 ("the '118 patent"), entitled *INTRUSION DETECTION DEVICES EMPLOYING MULTIPLE SCAN ZONES*, issued on May 18, 1976. A true and complete copy of the '118 patent is attached hereto as Exhibit A.

16. The '118 patent expired no later than February 3, 1995.

## COUNT ONE:
## FALSE PATENT MARKING

17. ZOJO realleges paragraphs 1-16 as if realleged herein.

18. DEFENDANT is a sophisticated company with many years of experience applying for, obtaining, and litigating patents.

19. DEFENDANT therefore knows that patents do not have an unlimited term, but rather, have a term limited to a set span of time.

20. DEFENDANT manufactures, markets, and sells a product identified on its packaging as OCCUPANCY SENSOR, No. PR150 ("OCCUPANCY SENSOR"). Photographs of the front and back of the OCCUPANCY SENSOR are attached hereto as Exhibit B and Exhibit C.

21. DEFENDANT has marked (or caused to be marked), during all times relevant to this Complaint for False Patent Marking, each package of the OCCUPANCY SENSOR with at least one of the phrases "Patented: US Patent No. 3958118" and "Patentado EE.UU. Patente No. 3958118."

3

22. During the times relevant to this Complaint for False Patent Marking, the '118 patent did not protect the OCCUPANCY SENSOR because the patent was expired and of no legal force.

23. DEFENDANT knows or should have known that, at all times relevant to this Complaint for False Patent Marking, the patent marked on the OCCUPANCY SENSOR was expired and of no legal force.

24. DEFENDANT cannot genuinely believe that the '118 patent protects the OCCUPANCY SENSOR even after the '118 patent expired.

25. Despite the expiration of the '118 patent, DEFENDANT chose to continue using the improper patent markings on the OCCUPANCY SENSOR, with the intent to deceive the public and to gain a competitive advantage in the market.

26. DEFENDANT violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging of the product with the '118 patent and any and all other products marked with the '118 patent, subsequent to the date the patent expired, with the intent to deceive the public.

## DAMAGES

27. Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

28. DEFENDANT's false marking of products with the '118 patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to ZOJO, the UNITED STATES, and the public.

29. DEFENDANT wrongfully and illegally advertised a patent monopoly that they do not possess and, as a result, have benefitted commercially and financially by maintaining false statements of patent rights.

## **PRAYER FOR RELIEF**

WHEREFORE, ZOJO requests this Court, pursuant to 35 U.S.C. §292, to:

A. Enter judgment against DEFENDANT and in favor of ZOJO for the violations alleged in this Complaint;

B. Order DEFENDANT to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C. Grant ZOJO such other and further relief as it may deem just and equitable.

TRIAL BY JURY IS DEMANDED.


Dated: February 9, 2010

Respectfully submitted,

/PAUL M. HLETKO/
Paul M. Hletko
Cardinal Law Group
1603 Orrington, Suite 200
Evanston, IL 60201
(847) 905-7111 (telephone)
(847) 905-7113 (facsimile)

*Counsel for Plaintiff ZOJO Solutions, Inc.*