**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES *ex rel.* | ) | |
| | ) | |
| ZOJO SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-00881 |
| | ) | |
| v. | ) | Judge John F. Grady |
| | ) | |
| LEVITON MANUFACTURING CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)**

Defendant, Leviton Manufacturing Co., Inc. ("Leviton"), by and through its undersigned attorneys, respectfully requests the Court grant its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Zojo Solutions, Inc. ("Zojo") does not, and cannot, allege any cognizable injury in fact that would support Article III standing.[1]   In further support of its Motion, Leviton states:

**I. FACTUAL BACKGROUND**

On February 9, 2010, Zojo filed this suit alleging that Leviton violated the False Marking Statute, 35 U.S.C. § 292, which imposes civil penalties for purposefully deceitful acts of marking "unpatented" articles with the numbers of U.S. patents.  Zojo specifically alleged Leviton violated 35 U.S.C. § 292 by marking the packaging of its Occupancy Sensor, Product No. PR150 with an expired patent number.  Furthermore, Zojo alleged, on information and belief, that

---

[1]       Contemporaneous with the filing of this motion, Leviton has also moved, alternatively, for a stay of this case pending a decision by the U.S. Court of Appeals for the Federal Circuit of the decision in *Stauffer v. Brooks Bros., Inc.*, 615 F. Supp. 2d 248, 254 (S.D.N.Y. 2009), which forms the predicate for this motion.

Leviton decided to mark the product in question after the patent expired,  (Complaint. ¶¶ 20-26). Zojo also alleged—without any supporting factual allegations—that Leviton "chose to continue using the improper patent markings on the OCCUPANCY SENSOR, with the intent to deceive the public and to gain competitive advantage in the market." (*See, e.g., id.* ¶ 25).

Finally, in an attempt to allege an injury in fact, Zojo claimed that "[e]ach false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products," that Leviton's actions have "wrongfully quelled competition with respect to such products, thereby causing harm to ZOJO, the UNITED STATES, and the public," and that "DEFENDANT wrongfully and illegally advertised a patent monopoly that [it does] not possess and, as a result, [has] benefited commercially and financially by maintaining false statements of patent rights." (*See, e.g., id.*)

Despite its attempt to allege an injury in fact, however, Zojo's complaint does not contain a sufficient allegation that anyone, anywhere has suffered a cognizable injury in fact that would make Zojo's claims justiciable under Article III.   Accordingly, Leviton requests that the Court dismiss the complaint because Zojo does not (and cannot) allege facts that would support Zojo's Article III standing.

## II. <u>ARGUMENT</u>

The Court should dismiss Zojo's complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.  Zojo bears the burden "to allege facts demonstrating that [it] is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."  *Warth v. Seldin*, 422 U.S. 490, 518 (1975).   All plaintiffs—*qui tam* relators included—must have Article III standing.  *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000).  If a plaintiff lacks standing, the court lacks subject matter jurisdiction and must dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See, e.g., Pollack v. United*

2

*States Department of Justice*, 577 F.3d 736, 743 (7th Cir. 2009); *Michigan v. United States Environmental Protection Agency*, 581 F.3d 524, 531 (7th Cir. 2009).

Article III standing has been called "the most basic doctrinal principle" because the Constitution restricts federal judicial power to hear only real cases and controversies. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, --- U.S. ---, 128 S.Ct. 2531, 2535 (2008). Article III standing ensures that this case-or-controversy requirement is met. *Id.*

To satisfy Article III standing, Zojo must establish that three requirements are met: injury in fact, causation, and redressability. *Vermont Agency*, 529 U.S. at 771. "These requirements together constitute the 'irreducible constitutional minimum' of standing, which is an 'essential and unchanging part' of Article III's case-or-controversy requirement, and a key factor in dividing the power of government between the courts and the two political branches." *Id.* (internal citations omitted).

The first requirement, injury in fact, must be "concrete and particularized" and cannot be "conjectural or hypothetical." *Id. See also, Lujan v. Defenders of Wildlife, Inc.*, 504 U.S. 555, 560 (1992); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *Pollack*, 577 F.3d at 739; *Michigan*, 581 F.3d at 528. Indeed, injury in fact is the "hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, --- U.S. ---, 129 S. Ct. 1142, 1151 (2009). If Zojo fails to present sufficient facts in the complaint to establish an injury in fact, the complaint must be dismissed. *Lujan,* 504 U.S. at 561 (1992); *Warth*, 422 U.S. at 518; *Michigan,* 581 F.3d at 531.

The fact that 35 U.S.C. § 292(b) is a *qui tam* statute does not relieve Zojo of its obligation to satisfy the irreducible constitutional minimum of Article III standing. *See Vermont Agency*, 529 U.S. at 771. *Qui tam* relators, who by definition suffer no "injury in fact" themselves, must

CHIC_4725100.1

nonetheless allege an assignable injury in fact to support *qui tam* Article III standing. *Id.* at 773-74. Absent an assignable injury in fact to the public or the United States in the first instance, there is no *qui tam* Article III standing.

### A.    THE COURT SHOULD DISMISS ZOJO'S COMPLAINT BECAUSE ZOJO DOES NOT PLEAD AN INJURY IN FACT.

Under 35 U.S.C. § 292, Zojo must plead an assignable injury in fact that has been suffered by the public or the United States. *Stauffer v. Brooks Bros., Inc.*, 615 F. Supp. 2d 248, 254 (S.D.N.Y. 2009). In *Stauffer*, the court dismissed a *qui tam* relator's complaint under 35 U.S.C. § 292, where the relator pled only vague and generalized allegations of harm, *viz.*, that defendants' conduct "ha[d] 'wrongfully quelled competition with respect to [the marked products] thereby causing harm to the economy of the United States[]'" and that defendants "wrongfully and illegally advertis[ed] patent monopolies that they do not possess" and "ha[d] 'benefitted [sic] in at least maintaining their considerable market share . . . .'" *Id.* The court held that these conclusory statements were "insufficient to establish anything more than the sort of 'conjectural or hypothetical' harm that the Supreme Court instructs is insufficient." *Id.* at 255 (quoting *Summers*, 129 S. Ct. at 1151-52; *Lujan*, 504 U.S. at 566). The district court concluded, "[t]hat some competitor might somehow be injured at some point, or that some component of the United States economy might suffer some harm through defendants' conduct, is purely speculative and plainly insufficient to support standing." *Id.*[2]

---

[2]    The decision in *Pequignot v. Solo Cup Co.*, 640 F. Supp. 2d 714 (E.D. Va. 2009), is not to the contrary. In *Solo Cup*, the defendant alleged that 35 U.S.C. § 292(b) lacks sufficient procedural safeguards, and on that ground, it violated Article II. *See id.* at 720-28. By this motion, Leviton is not raising an Article II challenge to the statute. Rather, Leviton points out that Zojo, like any plaintiff in any civil case, *Lujan*, 504 U.S. at 566, or any relator in any *qui tam* action, *Vermont Agency*, 529 U.S. at 771, must satisfy the injury in fact requirement of Article III. Zojo has failed to do so here, and lacks Article III standing.

Here, the deficiencies in Zojo's complaint are equivalent to those in the complaint that the court dismissed in *Stauffer*. Zojo solely alleges an injury to the public and the United States inasmuch as Leviton's conduct has "wrongfully quelled competition" and that Leviton has "wrongfully and illegally advertised a patent monopoly that they do not possess." (Complaint ¶¶ 27-29). Zojo's failure to allege anything more than these conclusory and speculative statements of injury is fatal to Zojo's Article III standing. *Stauffer*, 615 F. Supp. 2d at 254-255.

## B.   THE COURT SHOULD DISMISS ZOJO'S COMPLAINT WITHOUT LEAVE TO AMEND BECAUSE ZOJO CANNOT PLEAD AN INJURY IN FACT.

Under circumstances where it is clear that a party cannot file an amended complaint to cure subject matter jurisdiction deficiencies, a court may dismiss the complaint without leave to amend. *See Crestview Village Apartments v. United States Department of Housing and Urban Development*, 383 F.3d 552, 558 (7th Cir. 2004) (affirming dismissal of action for lack of subject matter jurisdiction without leave to amend); *see also* Fed. R. Civ. P. 15(a)(2); *Williams v. United States Postal Service*, 873 F.2d 1069, 1072-73 (7th Cir. 1989) (affirming dismissal and denial of a motion to amend where the amendment would not cure the court's lack of subject matter jurisdiction). Dismissal without leave to amend is warranted here for at least two reasons.

*First,* Zojo did not, and cannot, identify any concrete and particularized harm to itself, the public, or the United States economy that would support Article III standing. Zojo cannot plead a personal injury in fact. Zojo's pleadings do not hint that there has ever been (or ever will be) any quantifiable injury to the public or the United States economy caused by Leviton's alleged conduct. Nor did Zojo allege that any actual competitor of Leviton (or any other entity or person for that matter) has suffered, or will suffer, any harm due to Leviton's alleged conduct.

Indeed, Zojo cannot allege any such harm because to do so would defy reality. Zojo has accused Leviton of falsely marking an expired patent number on product packaging for Leviton's

5

Occupancy Sensor.  This product is sold at wholesale and retail in competitive markets.  There is no possibility that Leviton's competitors, consumers, or any member of the public could be deceived and, therefore, harmed by expired patent numbers marked on the products or packages because the salient information about patents, including when they expire, is readily available via a simple internet search.

*Second,* Zojo cannot evade the basic injury-in-fact requirement of Article III by claiming it has standing to sue for alleged violations of the law wholly divorced from any concrete and particularized injury in fact.  Legions of cases hold that to confer Article III standing, a private party cannot rely on an abstract interest in seeing that the laws are not violated.  *Lance v. Coffman*, 549 U.S. 437, 442 (2007) ("The only injury plaintiffs allege is that the law … has not been followed.  This injury is precisely the kind of undifferentiated, generalized grievance … that we have refused to countenance in the past."); *Lujan*, 504 U.S. at 573-74 ("[H]arm to … every citizen's interest in the proper application of the Constitution and laws … does not state an Article III case or controversy.").

In the same vein, Zojo cannot privately exercise the government's duty to ensure the laws are faithfully obeyed.  *See Stauffer*, 615 F. Supp. 2d at 254 n.5 ("[T]he Court doubts that the Government's interest in seeing its laws enforced could alone be an assignable, concrete injury in fact sufficient to establish a *qui tam* plaintiff's standing.") (citation omitted); *see also* Miriam E. Gilles, *Representational Standing:  U.S. ex rel. Stevens and the Future of Public Law Litigation*, 89 Cal. L. Rev. 315, 344 (2001) ("[C]laims seeking to vindicate the government's non-proprietary, sovereign interests are not assignable.").

The Supreme Court explained this principle when it addressed a "citizen-suit" provision of the Endangered Species Act, 16 U.S.C. § 1540(g) ("ESA"), which provided that "any person

may commence a civil suit on his own behalf … to enjoin any person … who is alleged to be in violation of any provision of this chapter." *Lujan*, 504 U.S. at 571-72. In holding that the plaintiff lacked Article III standing, the Court found that Article III does not permit conversion of

> the public interest in proper administration of the laws . . . into an individual right by a statute that denominates it as such, and that permits all citizens . . . to sue.  If the concrete injury requirement has the separation-of-powers significance we have always said, the answer must be obvious:   To permit Congress to convert the undifferentiated public interest in executive officers' compliance with the law into an 'individual right' vindicable in the courts is to permit Congress to transfer from the President to the courts the Chief Executive's most important constitutional duty, to 'take Care that the Laws be faithfully executed,' Art. II, § 3.

*Id.* at 576-77.  *See Allen v. Wright*, 468 U.S. 737, 761 (1984) ("The Constitution … assigns to the Executive Branch, and not to the Judicial Branch, the duty to 'take Care that the Laws be faithfully executed.'  U.S. Const., Art. II, § 3.  We could not recognize respondents' standing in this case without running afoul of that structural principle."); *see also Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471-76 (1982) (explaining that Article III's "case or controversy" requirement circumscribes Judicial Branch powers under separation of powers doctrine); *see generally* Tara Leigh Grove, *Standing as an Article II Nondelegation Doctrine*, 11 U. Pa. J. Const. L. 781 (2009) (explaining that Article III reinforces Article II nondelegation doctrine by prohibiting private prosecutorial discretion for violations of law, except for those private parties who can show a cognizable injury in fact).

Notwithstanding *Stauffer,* the Supreme Court authority and the commentary discussed above, Leviton is aware of a footnote in the *Solo Cup* decision that seems to assume, without deciding, that a false marking claimant might have Article III standing based solely on an alleged

CHIC_4725100.1

violation of the law.  640 F. Supp. 2d at 724 n.15.  Leviton submits that the *Solo Cup* footnote does not save Zojo from its lack of Article III standing for at least four reasons.

*First*, the *Solo Cup* footnote was dicta.  The main thrusts of the *Solo Cup* decision were (1) whether 35 U.S.C. § 292(b) was a *qui tam* statute and (2) the constitutionality of 35 U.S.C. § 292(b) under Article II, **not** the relator's lack of Article III standing.  *See id.* at 720-28. *Second*, neither the *Solo Cup* footnote nor the *Solo Cup* decision is binding on this Court.  *Third*, the *Solo Cup* footnote conflicts with the weight of applicable authority, as discussed above. *Fourth*, the *Solo Cup* footnote's reasoning was flawed because it erroneously said that *Vermont Agency* did not distinguish sovereign injury from proprietary injury.  *Id.* at 724 n.15.  In fact, *Vermont Agency* did distinguish between the two by separately defining "the injury to its sovereignty arising from violation of its laws (which suffices to support a criminal lawsuit by the Government) and the proprietary injury resulting from the alleged fraud."  529 U.S. at 771.  The Court held only that the proprietary injury could be assigned to a private party for Article III standing purposes.  *See id.* at 773 (holding that False Claims Act "effect[ed] a partial assignment of the Government's damages claim") (emphasis supplied).  The Court did not hold that a sovereign injury, *i.e.*, the source of the government's ability to enforce its criminal laws, could be assigned to a private party for Article III standing purposes.

## III.    <u>CONCLUSION</u>

For all the reasons stated, the Court should dismiss Zojo's complaint without leave to amend because Zojo has not, and cannot, allege a cognizable injury in fact to support Article III standing.

CHIC_4725100.1

WHEREFORE, Leviton respectfully requests that the Court enter an order: (1) granting this Motion to Dismiss in its entirety; and (2) granting any such further relief as the Court deems appropriate and just.

Dated:  April 12, 2010

Respectfully submitted,

By: /s/ Jaclyne D. Wallace
Gregory S. Norrod (IL Bar No. 6199391)
Jaclyne D. Wallace (IL Bar No. 6294021)
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, IL 60654-5313
Telephone:  312.832.4500
Facsimile:  312.832.4700

Of Counsel:
Larry L. Shatzer, *pro hac vice pending*
Lisa S. Mankofsky
FOLEY & LARDNER LLP
3000 K Street N.W.
Suite 600
Washington, DC 20007-5109
Telephone:  202.672.5300
Facsimile:  202.672.5399

Attorneys for Defendant
LEVITON MANUFACTURING CO., INC.

## **CERTIFICATE OF SERVICE**

I, Jaclyne D. Wallace, an attorney, certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system on April 12, 2010, which will send notification and service of such filing to all counsel of record.

/s/ Jaclyne D. Wallace

10