## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ZOJO SOLUTIONS, INC.,              )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        No.  10 C 881
                                   )
LEVITON MANUFACTURING CO., INC.,   )
                                   )
            Defendant.             )

### MEMORANDUM OPINION

Before the court is the motion of defendant Leviton Manufacturing Co., Inc. ("Leviton") for transfer pursuant to 28 U.S.C. § 1404(a).  For the reasons explained below, the motion is granted.

### BACKGROUND

Plaintiff Zojo Solutions, Inc. ("Zojo") brings this action against Leviton for false patent marking under 35 U.S.C. § 292. Zojo, which does not compete with Leviton, alleges that Leviton has violated the statute by marking the packaging of one of its products, an electronic occupancy sensor, with a patent number that has expired.  The patent at issue is United States Design Patent Number 3,958,118 ("the '118 Patent").  Plaintiff alleges that the '118 Patent expired no later than February 3, 1995.  (Compl. ¶ 16.)

Leviton moves to transfer venue from this district to the
Eastern District of New York.

## DISCUSSION

"For the convenience of parties and witnesses, in the interest
of justice, a district court may transfer any civil action to any
other district or division where it might have been brought." 28
U.S.C. § 1404(a). We may transfer this action if (1) venue is
proper in both this court and in the Eastern District of New York;
(2) the Eastern District of New York is more convenient for the
parties and witnesses; and (3) transfer would serve the interests
of justice. See, e.g., Abbott Labs. v. Selfcare, Inc., No. 98 C
7102, 1999 WL 162805, at *1 (N.D. Ill. Mar. 15, 1999) (Grady, J.).
"The movant . . . has the burden of establishing, by reference to
particular circumstances, that the transferee forum is clearly more
convenient." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20
(7th Cir. 1986).

There is no dispute that venue is proper both here and in the
Eastern District of New York, so we will discuss the second and
third considerations.

## A. Convenience Factors

To evaluate the convenience of one venue over another, we
consider five factors: (1) the plaintiff's choice of forum; (2) the
situs of material events; (3) the relative ease of access to

sources of proof; (4) the convenience of witnesses; and (5) the convenience of the parties. Abbott Labs., 1999 WL 162805, at *3.

### Plaintiff's Choice of Forum

"A plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum." Amorose v. C.H. Robinson Worldwide, Inc., 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007). Zojo is an information technology company with a principal place of business here in this district. The weight given to its choice of forum, however, "is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim." Von Holdt v. Husky Injection Molding Sys., Ltd., 887 F. Supp. 185, 188 (N.D. Ill. 1995). As discussed below, the situs of material events in this case is not this district; it is the Eastern District of New York. Moreover, an action for false marking is a *qui tam* action in which the real party in interest is the United States. See, e.g., Stauffer v. Brooks Bros., Inc., --- F.3d ----, 2010 WL 3397419, at *3 (Fed. Cir. Aug. 31, 2010). In a *qui tam* action, the plaintiff/relator's choice of venue is entitled to little weight. See San Francisco Tech., Inc. v. The Glad Prods. Co., No. 10-CV-00966JF (PVT), 2010 WL 2943537, at *7 (N.D. Cal. July 26, 2010) (citing decisions). Accordingly, Zojo's choice of forum weighs only slightly against transfer.

## Situs of Material Events

The false-marking statute provides that a person may bring an
action against, in pertinent part, "[w]hoever marks upon, or
affixes to, or uses in advertising in connection with any
unpatented article, the word 'patent' or any word or number
importing that the same is patented for the purpose of deceiving
the public." 35 U.S.C. § 292(a). Violators "[s]hall be fined not
more than $500 for every such offense." Id. In Forest Group, Inc.
v. Bon Tool Co., 590 F.3d 1295, 1301-04 (Fed. Cir. 2009), the Court
held that every falsely marked product constitutes an "offense"
under § 292; in other words, courts must impose the fine on a per-
article basis. "Because [§ 292] requires that the false marker act
'for the purpose of deceiving the public,' a purpose of deceit,"
rather than simple knowledge that a statement is false, is
required. Pequignot v. Solo Cup Co., 608 F.3d 1356, 1363 (Fed.
Cir. 2010). "[T]he markings on the concerned products and
[d]efendant['s] intention with respect to marking the products with
expired patents are the central material facts that give rise to
[the] claim for relief." San Francisco Tech., 2010 WL 2943537, at
*9.

Leviton is headquartered in Melville, New York, and that is
the situs of most, if not all, material events in this case.
Although Leviton may sell the allegedly falsely marked sensor in
this district (as it does in many other districts across the

country), its residential business unit, which is responsible for engineering, product management, packaging, and sales decisions related to residential lighting devices, is located in Melville, New York. Leviton develops its residential occupancy sensors in Melville; decisions about sensor package labeling are made there; employees responsible for the marketing and advertising of the sensors are located there; and its financial data and the employees familiar with sales data for the sensors are located there. (Def.'s Mem. in Supp. of Mot. to Transfer, Decl. of Robert Becker ¶¶ 7-12). The alleged conduct that gives rise to plaintiff's claim occurred in Melville.

Zojo contends that in <u>Bon Tool</u>, the Federal Circuit "addressed this very argument of 'decision to mark' and found it inapplicable," "unequivocally [holding] that the acts of false marking are the marked objects, not the decision to mark." (Pl.'s Resp. at 6-7.) <u>Bon Tool</u> is completely inapposite; the decision had nothing to do with venue or the situs of material events in a false-marking case. Zojo also argues that this district is the situs of material events because the "actual harm" from Leviton's alleged decision to falsely mark the occupancy sensor was "felt in the Northern District of Illinois." (Pl.'s Resp. at 6.) As Leviton points out, however, there is no allegation in the complaint that Zojo was "actually" harmed, i.e., suffered competitive injury, as a result of the alleged false marking. Zojo

brings its claim as a *qui tam* plaintiff and is asserting injury not to itself, but to the general public of the United States.

### Access to Sources of Proof and Convenience of Witnesses

Zojo does not contest Leviton's assertion that all of Leviton's key witnesses and documents are located at its headquarters in Melville, New York. Zojo does argue that all of its own witnesses and documents are located here in the Northern District of Illinois, but fails to explain how its own records or witnesses are going to be significant sources of relevant evidence in this case. Because Zojo's claim stems from Leviton's decision-making, it is defendant's evidence that will constitute the bulk of proof. In addition, virtually all of the relevant witnesses-- Leviton's employees--are located in Melville, New York.

### Convenience of the Parties

This district is more convenient for Zojo, and the Eastern District of New York is more convenient for Leviton. For the reasons discussed above, we agree with Leviton that on balance, the inconvenience to Leviton would be higher if the case remains here in the Northern District of Illinois than will be the inconvenience to Zojo if the case is transferred. Thus, this factor weighs slightly in favor of transfer. Zojo maintains that transfer would cause it "significant hardship and inconvenience," but fails to develop this argument. (Pl.'s Resp. at 4.)

B.   **Public Interest Factors**

When examining the interest of justice (often referred to as the "public interest" factors), we focus on the efficient administration of the court system and consider the speed at which the case will proceed to trial, the courts' familiarity with the applicable law, and the desirability of resolving controversies in their locale.   St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp., No. 05 C 5484, 2006 WL 1543275, at *1 (N.D. Ill. June 1, 2006).

### Familiarity with Applicable Law

This is a neutral factor.   False marking involves issues of federal law, and we are no better able to apply the false marking statute than a federal district court in New York.   Zojo argues that because there are a number of false-marking cases pending in the Northern District of Illinois, judges in our district are "better equipped" to analyze false-marking issues due to our "increased awareness of the legal issues." (Pl.'s Resp. at 8.)   We are unpersuaded.

### Speed at Which Case Will Proceed to Trial

Leviton acknowledges that in the Northern District of Illinois, the median time intervals are 6.2 months from filing to disposition and 27.5 months from filing to trial, and in the Eastern District of New York, the median time intervals are 12.6 months from filing to disposition and 30.4 months from filing to

trial.[1]  It contends that there is minimal difference in docket
congestion between the two districts and that we should consider
this factor neutral or to weigh only slightly against transfer.
Zojo disputes Leviton's characterization of the difference as
"minimal."   Zojo also mentions that the Northern District of
Illinois has "special patent rules to expedite patent litigation."
(Pl.'s Resp. at 8.)   The Local Patent Rules, however, apply to
cases "in which a party makes a claim of infringement, non-
infringement, invalidity, or unenforceability of a utility patent."
(N.D. Ill. Loc. Patent R. 1.1.)   By their terms, the Local Patent
Rules do not apply to false-marking cases.

At most, this factor weighs only slightly against transfer.
The difference between the congestion of the respective courts'
dockets is relatively minimal.

### Desirability of Resolving Controversies in Their Locale

Leviton contends that this action has no significant
connection to Zojo's chosen forum and therefore that the interest
of justice would be better served by transferring the action to the
Eastern District of New York, the situs of material events.   Zojo

---

[1] Leviton's brief, which was filed in April of this year before we stayed
the case for a number of months, cites statistics from the twelve-month period
ending September 30, 2008.   For the twelve-month period ending September 30,
2009, the median time intervals in the Northern District of Illinois are 6.2
months from filing to disposition and 27.8 months from filing to trial, and in
the Eastern District of New York, 9.5 months from filing to disposition and 32.0
months from filing to trial.   See Statistics Division, Administrative Office of
the United States Courts, Judicial Business of the United States Courts, tbls.
C-5 & C-10 (2009), available at http://www.uscourts.gov/Statistics/Judicial
Business/JudicialBusiness2009.aspx.

does not respond to this argument. We agree with Leviton. <u>See,</u>
<u>e.g.</u>, <u>Anchor Wall Sys., Inc. v. R & D Concrete Prods., Inc.</u>, 55 F.
Supp. 2d 871, 875 (N.D. Ill. 1999).

In sum, Leviton has met its burden of establishing that the
Eastern District of New York is clearly more convenient. The situs
of material events, the relative ease of access to sources of
proof, and the convenience of witnesses weigh heavily in favor of
transfer; the parties' convenience weighs slightly in favor of
transfer. Zojo's choice of forum weighs against transfer, but only
slightly because this forum has a tenuous connection with the
operative facts. In addition, transfer would be in the public
interest because of the desirability of resolving controversies in
their locale. The familiarity-with-law factor is neutral, and the
speed at which the case will proceed to trial weighs at most only
slightly against transfer. Accordingly, transfer is appropriate.

### CONCLUSION

Defendant's motion to transfer the case [10] is granted. The
Clerk of Court is directed to transfer this case forthwith to the
United States District Court for the Eastern District of New York.

DATE:           October 20, 2010

ENTER:

_____

John F. Grady, United States District Judge